UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NATALIE WILLIAMS, individually and on behalf of all others similarly situated,<br><br>v.<br><br>JACKSON HANDS OF CHANGE, LLC and DREATHA JACKSON | Case No. 2:19-cv-00646<br>FLSA Collective Action |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.  Natalie Williams brings this lawsuit to recover unpaid wages and other damages under the Fair Labor Standards Act (FLSA).

2.  Jackson Hands of Change, LLC and Dreatha Jackson are hereinafter referred to jointly as "Hands of Change."

3.  Hands of Change failed to pay Williams, and other workers like her, the overtime premium required by federal law for hours worked in excess of 40 in a workweek.

4.  In fact, Hands of Change did not even pay Williams, and other workers like her, at all for a large portion of the time these individuals worked for Hands of Change each week.

5.  This collective action seeks to recover from Hands of Change the unpaid wages and other damages owed to Williams and other workers like her.

### JURISDICTION AND VENUE

6.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Williams worked for Hands of Change in this District.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Jackson Hands of Change maintains its principle office in this District.

## PARTIES

9. Williams was, at all relevant times, an employee of Hands of Change.

10. Williams was an hourly employee of Hands of Change.

11. Williams's written consent is attached as Exhibit A.

12. Williams represents a class of similarly situated employees who were not paid an overtime premium for all time worked in excess of 40 in a workweek. This class is defined as:

> **All hourly employees of Jackson Hands of Change, LLC and/or Dreatha Jackson who were, at any point in the past three years, not paid at least 1.5 times their hourly rate for time worked in excess of 40 hours in a workweek.**

13. Jackson Hands of Change, LLC is a Louisiana limited liability company with its headquarters and principal place of business in Orleans Parish, Louisiana. It may be served by service upon its registered agent, **Dreatha Jackson, 4035 Washington Ave., New Orleans, LA 70125**, or by any other method authorized by law.

14. Jackson is a natural person. She may be served by service upon her at **6032 Pontchartrain Blvd., New Orleans, LA 70124**, or at **5006 Newlands St., Metairie, LA 70006**, or wherever she may be found.

15. At all relevant times, Jackson was an owner of Jackson Hands of Change, LLC.

16. At all relevant times, Jackson was a manager of Jackson Hands of Change, LLC.

17. At all relevant times, Jackson was a member of Jackson Hands of Change, LLC.

18. At all relevant times, Jackson exerted operational control over Jackson Hands of Change, LLC.

19. Jackson Hands of Change, LLC and Jackson employed and/or jointly employed Williams and the Putative Class Members.

20. Jackson Hands of Change, LLC and Jackson are joint employers for purposes of the FLSA. *See* 29 C.F.R. § 791.2.

### COVERAGE UNDER THE FLSA

21. Hands of Change was an employer of the Putative Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. Hands of Change was and is part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. During at least the last three years, Hands of Change has had gross annual sales in excess of $500,000.

24. Hands of Change was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

25. Hands of Change employs many workers, including Williams, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

26. The goods and materials handled, sold, or otherwise worked on by Williams and other Hands of Change employees and that have been moved in interstate commerce include, but are not limited to, computers and electronic devices.

## FACTS

27. Hands of Change is a mental health provider located in New Orleans, Louisiana.

28. Williams began working for Hands of Change in July 2017.

29. Williams was employed as a mental health therapist providing in-home services to Hands of Change's clients.

30. Williams was an hourly employee of Hands of Change.

31. Hands of Change did not pay Williams a salary.

32. Hands of Change did not pay Williams on a fee basis.

33. Hands of Change paid Williams by the hour.

34. Hands of Change paid Williams $27 per hour.

35. Williams reported the hours she worked to Hands of Change on a regular basis.

36. Williams's hours are reflected in Hands of Change's records.

37. Hands of Change paid Williams at the same hourly rate for all hours it paid her for, including those in excess of 40 in a workweek.

38. Williams normally worked more than 40 hours in a week.

39. For example, for the two-week period ending November 17, 2018, Williams was paid for working 93 hours.

40. For that pay period, Hands of Change paid Williams for 93 hours at her hourly rate of $27 an hour.

41. Thus, rather than receiving time-and-a-half as required by the FLSA, Williams only received "straight-time" pay for overtime hours worked.

42. This "straight-time-for-overtime" payment scheme violates the FLSA.

43. Hands of Change was well aware of the overtime requirements of the FLSA.

44. Hands of Change nonetheless failed to pay certain hourly employees, such as Williams, an overtime premium.

45. Hands of Change also didn't pay Williams for all overtime hours.

46. For example, during the two-week period ending November 17, 2018, Williams had to attend mandatory work meetings and spend time in the office documenting her work.

47. Hands of Change did not pay Williams for any of these hours during the November 17, 2018, workweek and other workweeks.

48. Hands of Change didn't pay Williams and its other employees for time documenting their work or for time spent in mandatory work meetings.

49. Hands of Change's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

50. Hands of Change's illegal "straight time for overtime" policy extends well beyond Williams.

51. It is the "straight time for overtime" payment plan that is itself one of the "polic[ies] that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *see also*, *e.g.*, *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

52. Hands of Change has paid other hourly workers according to the same unlawful scheme.

53. Likewise, Hands of Change's illegal policy of not paying overtime at all extends well beyond Williams.

54. Hands of Change did not pay Williams and other hourly workers for significant portions of time, much less at the overtime premium required under the FLSA.

55. Any differences in job duties do not detract from the fact that all these hourly workers were entitled to overtime pay at the proper overtime premium.

56. The workers impacted by Hands of Change's refusal to pay proper overtime wages should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### CAUSE OF ACTION–OVERTIME VIOLATIONS OF THE FLSA

57. Williams incorporates all other allegations.

58. By failing to pay Williams and the other Putative Class Members overtime at 1.5 times their regular rates, Hands of Change violated the FLSA. 29 U.S.C. § 207(a).

59. Hands of Change owes Williams and the other Putative Class Members the difference between the rate actually paid, if any, and the proper overtime rate.

60. Because Hands of Change knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Hands of Change owes these wages for at least the past three years.

61. Hands of Change also owes Williams and the other Putative Class Members an amount equal to the unpaid overtime wages as liquidated damages.

62. Williams and the other Putative Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

### RELIEF SOUGHT

63. Wherefore, Williams prays for judgment against Hands of Change as follows:

(a) For an order certifying this case as a collective action for the purposes of the FLSA claims;

(b) For an order finding Hands of Change liable for violations of wage laws with respect to Williams and all Putative Class Members covered by this case;

(c) For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Williams and all Putative Class Members covered by this case;

(d) For a judgment awarding Williams and all Putative Class Members covered by this case their costs of this action;

(e) For a judgment awarding Williams and all Putative Class Members covered by this case their attorneys' fees;

(f) For a judgment awarding Williams and all Putative Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

(g) For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Matthew S. Parmet*
**Matthew S. Parmet**, T.A.
Louisiana Bar # 32855
**PARMET PC**
P.O. Box 540907
800 Sawyer St. (77007)
Houston, Texas 77254
phone  713 999 5228
fax      713 999 1187
matt@parmet.law

**Attorneys for Plaintiff**