UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NATALIE WILLIAMS, individually and on behalf of all others similarly situated,<br><br>v.<br><br>JACKSON HANDS OF CHANGE, LLC and DREATHA JACKSON | Case No. 2:19-cv-00646-JCZ-MBN<br>FLSA Collective Action<br><br>Judge Jay C. Zainey<br><br>Magistrate Judge Michael B. North |

**WILLIAMS'S OBJECTION TO LOCAL CIVIL RULE 7.8**

Natalie Williams objects to any extension of Defendants' time to plead pursuant to Local Civil Rule 7.8, which provides for an "automatic" 21-day extension of the moving party's time to plead unless an objection has been filed in the record.

This FLSA case is a putative collective action. The FLSA's statute of limitations for class members is not tolled upon the commencement of the action or even upon an order granting conditional certification. *Fisher v. Michigan Bell Telephone Co.*, C.A. 2:09-cv-10802, 2009 WL 3427048, at *8 (E.D. Mich. Oct. 22, 2009). Instead, the statute of limitations continues to run on each individual's claim until they file written consent to join the action. *Id.*; *see also* 29 U.S.C. § 216(b) ("No employee shall be a party Plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Therefore, with every passing day, potential class members who have not received notice of this action and joined it lose a portion of their claims for which they will forever be unable to recover.

These class interests must be taken into account and given consideration that would not be possible if an extension is "automatically" granted.

Williams further objects to the lack of a good cause requirement in Local Civil Rule 7.8. Williams has a constitutional right to a speedy trial, which should not be delayed absent good cause shown. U.S. Const. art. XXX.

This objection should not be construed as a refusal to confer with any Defendant regarding an extension—which would be assessed at the time and under the circumstances of such a request—but rather the "automatic" extension otherwise provided by Local Civil Rule 7.8.

        Respectfully submitted,

           */s/ Matthew S. Parmet*
By: _____
     **Matthew S. Parmet**
     Louisiana Bar # 32855
**PARMET PC**
P.O. Box 540907
800 Sawyer St. (77007)
Houston, Texas 77254
phone  713 999 5228
fax      713 999 1187
matt@parmet.law

**Attorneys for Plaintiff**